August T. Reusch, Appellant, *v.* John C. Groetzinger,
Robert W.. Groetzinger and Charles G. Groetzinger,
trading as Groetzinger's Sons.

*Negligence—Master and servant—Risk of employment—Fellow-servant.*
    Where several workmen in a tannery are engaged in lifting a heavy
stone table, and owing to the manner in which one of the workmen handles
his crowbar, the table in some way slips, and injures another workman,
the latter cannot recover damages from his employer, inasmuch as the
accident was among the ordinary risks which he assumed in engaging in
the work.

Argued May 16, 1899.   Appeal, No. 92, Jan. T., 1899, by
plaintiff, from order of C. P. Lancaster Co., Aug. T., 1896,
No. 43, refusing to take off nonsuit.   Before GREEN, McCOL-
LUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Trespass for personal injuries.   Before LIVINGSTON, P. J.
    At the trial it appeared that the plaintiff was employed in
the beam house of defendants' tannery in Lancaster city.   On
the day of the accident there was occasion to move one of the
large stone slabs or tables on which leather was dressed.   It
was about twelve feet long, four and one half feet wide, and
four inches thick.   Plaintiff and other employees were sum-
moned to help.   It was raised upon its edge; rollers were put
under it, one of which broke into the floor; the stone slipped
off the roller; one of the defendants told the men to lift it up
so as to put the roller under it, but not with their hands; one
Cooper, a fellow employee, took a crowbar and tried to lift it

up ; the table or slab slipped off the crowbar ; the other men saw it sliding and ran ; plaintiff tried to get away, but slipped, and the table caught him around the ankle, and broke his foot. Plaintiff testified that while Groetzinger went to get something with which to lift it, Cooper, the man with the crowbar, undertook to lift it and it fell over.

Wm. Cooper, the man who was handling the crowbar when the slab slipped and caught Reusch, was called by plaintiff, and he described the accident thus :

" We had been raising it with nothing but iron bars from the start. I took one of the bars which I had in my hand all the time from the time we started—I used to put my hand against the table and push on it, and carry the bar in my hand. Of course, it run very easy when on the rollers. I took one of the bars and one of the other men took the other bar and put it under the table to lift it up. The bottom of the table flew from us and the top came toward us. There was a hole back of August about three inches wide and two feet long, right between two joists. He stepped through the hole and the table fell over on him and broke his leg until the shin bone stuck out through the flesh. Q. When this roller went through the floor and when the stone fell down on the floor, what directions did Mr. Groetzinger give ? A. Mr. Groetzinger said, ' Take hold of it and raise it up.' Q. You then put the bar under it ? A. Yes, sir. Q. And it slipped away from you and fell over ? A. Yes, sir. Q. Was Mr. Groetzinger present at the time ? A. Mr. Groetzinger was present at the time, when he said, ' Raise it up and put another roller under it,' but whether he was there when the table fell or not I would not say positive. But I judge he wasn't very far away. I couldn't have time to watch him all the time. Q. You were watching the stone and didn't have your eyes on Mr. Groetzinger all the time ? A. Yes, sir."

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*D. McMullen* and *William R. Brinton*, for appellant.—The work of moving the stone, which by its fall caused the injury to the plaintiff, was under the direction, from its commence-

ment until its unfortunate ending, of Charles Groetzinger, one of the defendants. He summoned the men from their accustomed work in other parts of the tannery, gave the orders what to do, and how to do it, and was present observing the work as it progressed. For any negligence, therefore, in the manner of doing the work, or in failing to provide sufficient and safe appliances therefor, the plaintiff is clearly liable: Patterson v. R. R. Co., 76 Pa. 389; Woodward v. Shumpp, 120 Pa. 458; Fairbank v. Haentzsche, 73 Ill. 236; Jones on Evidence, sec. 382; Prendible v. Conn. Mfg. Co., 160 Mass. 131; Gilbert v. Guild, 144 Mass. 601; Lang v. Terry, 163 Mass. 138; P. W. & B. Co. R. R. v. Alvord, 128 Pa. 42; Howett v. R. R. Co., 166 Pa. 607; Folk v. Schaeffer, Merkel & Co., 180 Pa. 613.

*George Nauman* and *Brown & Hensel*, for appellee, were not heard, but cited in their printed brief: McKee v. Bidwell, 74 Pa. 218; Hoag v. R. R. Co., 85 Pa. 293; Pittsburg Southern Ry. Co. v. Taylor, 104 Pa. 315; Scott v. Hunter, 46 Pa. 193; Pass. Ry. Co. v. Trich, 117 Pa. 399; Penna. R. Co. v. Kerr, 62 Pa. 353; Bunting v. Hogsett, 27 W. N. C. 317; Shearman & Redfield on Negligence (2d ed.), sec. 10; Beach on Contributory Negligence, p. 32; Melchert v. Robert Smith Co., 27 W. N. C. 477; Allison Mfg. Co. v. McCormick, 118 Pa. 519; Gillen v. Rowley, 134 Pa. 209; Zurn v. Tetlow, 134 Pa. 213; Dealey v. R. R. Co., 16 Phila. 123; Allegheny Heating Co. v. Rohan, 118 Pa. 223; Gerwig v. Folwell, 13 W. N. C. 267; Ingram v. Coal Co., 148 Pa. 177.

PER CURIAM, May 24, 1899:

It is perfectly apparent from the testimony that the accident resulted from the manner in which one of the men handled his crowbar in the effort to move the large stone table. It slipped, from some cause, and as a consequence the table fell over and injured the plaintiff. It was an accident such as is likely to happen in the ordinary conduct of any business, and is one of the risks which is assumed by the workmen in taking such employment. There is no testimony in the case to show that the accident resulted from the negligence of the defendants.

Judgment affirmed.